**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SHANTEL ROUZER,** | * | |
| *Plaintiff,* | * | |
| **v.** | * | **Case No. 1:22-cv-00537-JRR** |
| **AUTOVEST, LLC,** | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Shantel Rouzer filed the underlying action against Defendant Autovest, LLC in the Circuit Court for Anne Arundel County individually and on behalf of a putative class, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), MD. CODE. ANN. COM. L. § 14-201, *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), MD. CODE ANN. COM. L. § 13-101, *et seq.*, as well as injunctive relief.  (ECF No. 5; the "Complaint.")  Defendant then removed the action to this court.  (ECF No. 1.)  Pending before the court are Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) and Defendant's Motion for Summary Judgment (ECF No. 30). The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, Plaintiff's Motion will be denied, and Defendant's Motion will be granted.

## I.     BACKGROUND

Except where noted, the following facts are undisputed.  On March 20, 2017, Plaintiff entered a Retail Installment Sales Contract ("RISC") with Seller-Creditor Anderson of Hunt Valley LLC ("Anderson") to finance the purchase of an automobile.  (ECF No. 29-3 at p. 6–7.)

"The same day or the day after," Anderson assigned the RISC to First Investors Financial, LLC ("First Investors"). *Id.* at p. 6; ECF No. 30-5 at 40:7–17. According to Lisa Soller, Defendant's designated Rule 30(b)(6) deponent, Anderson assigned the RISC to First Investors "at the same time as the consumer signed the installment contract," and that she "imagine[d]" that occurred "probably the same day or the day after." (ECF No. 30-5 at 40:7–17.) The RISC does not show the date on which Anderson assigned it to First Investors. (ECF No. 29-3 at p. 6–7.) First Investors then, via stamped endorsement, assigned the RISC to its wholly-owned subsidiary, First Investors Auto Receivables Corporation ("FIARC"). (ECF No. 29-3 at p. 7; ECF No. 29-6 at p. 1.) Defendant contends that First Investors assigned the RISC to FIARC "at some date around July 31, 2017" because that is when FIARC securitized the RISC. (ECF No. 30-2 ¶ 3.) However, Ms. Soller testified that she did not know the date that the assignment to FIARC occurred. (ECF No. 30-5 at 46:18–47:1.) On February 13, 2019, FIARC then assigned the RISC back to First Investors through a Bill of Sale and Assignment. (ECF No. 29-6.) The parties appear to dispute whether Defendant possessed the Bill of Sale and Assignment from FIARC to First Investors. (ECF No. 30-2 ¶ 5.) First Investors then transferred its interest in the RISC to Defendant on February 14, 2019. (ECF No. 29-1 ¶ 6; ECF No. 30-2 ¶ 6.)

On May 24, 2021, Defendant filed the State Collection Action Complaint against Plaintiff in the District Court of Maryland for Baltimore County. (ECF No. 29-3 at p. 1.) The State Collection Action Complaint contains a signed provision by Julie Allen, Defendant's authorized representative, stating: "I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief." *Id.* The State Collection Action Complaint included an Assigned Consumer Debt Checklist (the "Checklist") required by Maryland Rule 3-306(d). (ECF No. 29-3

2

at p. 2–3.) *See* MD. RULE 3-306(d).  At issue here, Checklist item two concerns "Proof of Terms and Conditions."  (ECF No. 29-3 at p. 3.)  *See* MD. RULE 3-306(d)(2).  On the Checklist, Defendant identified the debt at issue as an unpaid balance due on a credit card, theby representing that it did not need to provide proof of the terms and conditions.  (ECF No. 29-3 at p. 3.)  Checklist item three concerns "Proof of Plaintiff's Ownership," and requires a chronological "list of names of all prior owners of the debt and date of each transfer."  (ECF No. 29-3 at p. 3.)  *See* MD. RULE 3-306(d)(3).  On the Checklist, Defendant stated only that "First Financial Investors Services, Inc." transferred the debt to Defendant on February 14, 2019.  (ECF No. 29-3 at p. 3.)

At deposition in the current action, Ms. Soller testified that Defendant had a policy that pertained to determining the proper name of an original creditor but was not able to identify "any formal training."  (ECF No. 30-5 at 63:19–64:21.)  Attached to the State Collection Action Complaint, Defendant included, *inter alia*, a copy of the RISC (that showed the undated assignments from Anderson to First Investors and from First Investors to FIARC), including the terms and conditions of the debt, and the Bill of Sale and Assignment from First Investors to Defendant.  (ECF No. 29-3.)  Plaintiff filed a Notice of Intention to Defend in the State Collection Action but did not attend trial.  (ECF No. 30-2 ¶ 15.)  The court entered judgment against Plaintiff in the amount of $8,325.23.  (ECF No. 29-9 ¶ 6.)

On January 24, 2022, Plaintiff filed the underlying action against Defendant individually and on behalf of a putative class of individuals against whom Defendant filed debt collection lawsuits.  (ECF No. 5.)  Plaintiff alleges four counts: Violation of the FDCPA (Count I); Violation of the MCDCA (Count II); Violation of the MCPA (Count III); and Injunctive Relief (Count IV).  *Id.*  Defendant removed the action to this court on March 7, 2022 pursuant to 28 U.S.C. § 1331.  (ECF No. 1.)  Subsequently, Plaintiff filed her Motion seeking partial summary judgment as to

Defendant's liability (ECF No. 29) on June 15, 2023, and Defendant filed its Motion seeking judgment on all of Plaintiff's individual claims (ECF No. 30) on July 17, 2023.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.  Courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).  If the moving party demonstrates "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmoving party to "present specific facts showing that there is a genuine issue for trial." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).   "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Id.* (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).  "In other words, a factual dispute is genuine only where 'the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find' in its

favor." *Id.* (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988)).

In undertaking this inquiry, the court considers the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). "When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law . . . . [And] the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citations omitted); *see Feinberg v. T. Rowe Price Grp., Inc.*, No. CV JKB-17-427, 2021 WL 488631, at *5 (D. Md. Feb. 10, 2021) ("When both parties file motions for summary judgment, the Court evaluates each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." (citations omitted)).

III.   **ANALYSIS**

A.  **Required Procedures for Filing State Collection Actions**

Pursuant to Maryland Rule 3-306, a creditor seeking to initiate a collection action through affidavit judgment in the Maryland district courts is subject to certain procedural requirements— those relevant here include:

> (b) Demand for Judgment by Affidavit. In an action for money
> damages a plaintiff may file a demand for judgment on affidavit at

the time of filing the complaint commencing the action. The complaint shall be supported by an affidavit showing that the plaintiff is entitled to judgment as a matter of law in the amount claimed.

. . .

(d) If Claim Arises from Assigned Consumer Debt. If the claim arises from consumer debt and the plaintiff is not the original creditor, the affidavit also shall include or be accompanied by (i) the items listed in this section, and (ii) an Assigned Consumer Debt Checklist . . .

. . .

(2) *Proof of Terms and Conditions.*
(A) Except as provided in subsection (d)(2)(B) of this Rule, if there was a document evidencing the terms and conditions to which the consumer debt was subject, a certified or otherwise properly authenticated photocopy or original of the document actually applicable to the consumer debt at issue shall accompany the affidavit.
(B) Subsection (d)(2)(A) of this Rule does not apply if (i) the consumer debt is an unpaid balance due on a credit card . . .

(3) *Proof of Plaintiff's Ownership.* The affidavit shall contain a statement that the plaintiff owns the consumer debt.  It shall include or be accompanied by:
(A) a chronological listing of the names of all prior owners of the debt and the date of each transfer of ownership of the debt, beginning with the name of the original creditor; and
(B) a certified or other properly authenticated copy of the bill of sale or other document that transferred ownership of the debt to each successive owner, including the plaintiff.

MD. RULE 3-306(b), (d).   "Even after filing the complaint, and without the plaintiff filing a notice to defend or showing up in court, the court can find the documentation is insufficient to entitle the debt collector to judgment on affidavit."  *Richardson v. Midland Funding, LLC*, No. CIV. CCB-13-1356, 2013 WL 6719110, at *3 (D. Md. Dec. 18, 2013), *aff'd,* 583 F. App'x 124 (4th Cir. 2014).  "A completed checklist is thus no guarantee that the debt collector will succeed on the merits."  *Id.*

If judgment by affidavit pursuant to Maryland Rule 3-306(d) is denied, then the plaintiff that initiated the collection action must meet the requirements of Section 5-1203 of the Courts and Judicial Proceedings ("CJP") Article of the Maryland Code. MD. RULE 3-306(d). In relevant part, Section 5-1203 requires:

> (a) A debt buyer or a collector acting on behalf of a debt buyer may not initiate a consumer debt collection action unless the debt buyer or collector possesses all of the documents listed in subsection (b)(3) of this section.
> . . .
> (b)(3) A debt buyer or a collector on behalf of a debt buyer shall introduce the following evidence in a consumer debt collection action:
> (iii) Documentation indicating that the debt buyer or collector acting on behalf of the debt buyer owns the consumer debt, including:
> 1. A chronological listing of the names of all prior owners of the debt and the date of each transfer of ownership of the debt, beginning with the name of the original creditor; and
> 2. A certified or other properly authenticated copy of the bill of sale or other document that transferred ownership of the debt to each successive owner, including the debt buyer or collector, with each bill of sale or other document that transferred ownership containing specific reference to the debt;

MD. CODE ANN., CTS. & JUD. PROC. § 5-1203. This court has previously held that "[u]nder the plain meaning of the [CJP Section 5-1203] language, in the state collection action, [the defendant] was entitled to introduce other documentation or evidence of its ownership," such as affidavit or deposition testimony, email correspondence . . . to resolve any challenge [the plaintiff] raised to [defendant's] ownership of her consumer debt." *Butler v. Portfolio Recovery Assocs., LLC*, No. 1:22-CV-00213-JRR, 2023 WL 6216601, at *7 (D. Md. Sept. 25, 2023). Also relevant here, Maryland Rule 3-303(d) provides: "Statements in a pleading or other paper of record may be adopted by reference in a different part of the same pleading or paper of record . . . A copy of any written instrument that is an exhibit to a pleading is a part thereof for all purposes." MD. RULE 3-303(d).

**B.  Count I: FDCPA Claim**

"The FDCPA aims to protect[ ] consumers from abusive and deceptive practices by debt collectors."  *Jackson v. Sagal*, 370 F. Supp. 3d 592, 600 (D. Md. 2019) (quoting *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012)).  In relevant part, Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(5), (10).  To establish a claim under the FDCPA, Plaintiff must demonstrate that: "(1) [she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 (4th Cir. 2012) (quoting *Ruggia v. Wash. Mut.,* 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).

"The Fourth Circuit has adopted the 'least sophisticated consumer' standard to determine if a Section 1692e violation has occurred."  *Stewart v. Bierman*, 859 F. Supp. 2d 754, 761 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) (citing *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 135–36 (4th Cir. 1996)).  "Under this standard, a false statement that would not mislead the 'least sophisticated consumer' is not actionable."  *Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013).  In *Lembach*, the Fourth Circuit further noted

that "when applying this standard, courts have reasoned that a statement must be materially false or misleading to violate the FDCPA." *Id.* "A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be *material* to be actionable." *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (emphasis in original).

> "Although the FDCPA protects uninformed consumers, the standard employed nevertheless protects creditors from liability for bizarre or idiosyncratic interpretations . . . by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care. Accordingly, courts must remain mindful not to conflate lack of sophistication with unreasonableness."

*Ramsay v. Sawyer Prop. Mgmt. of Maryland LLC*, 593 F. App'x 204, 208 (4th Cir. 2014) (citations omitted).

This court has previously declined to find a violation of the FDCPA where a plaintiff alleges a debt collector failed to provide documentation in the state collection action that satisfied Maryland Rule 3-306. In *Richardson*, the court held that the plaintiff's allegations that the defendant did not comply with Maryland Rule 3-306 could not "support a claim that [the defendant] engaged in deceptive conduct in violation of § 1692e because [the allegations] amount to nothing more than a claim that the evidence [the defendant] offered at the time it filed suit was insufficient to support a judgment in its favor." 2013 WL 6719110, at *3. "A debt collector's mere failure to offer evidence sufficient to prove its claim at the time it files a complaint is not prohibited conduct under the FDCPA." *Id.* (citing cases); *see Richardson*, 583 F. App'x at 125 (affirming the district court's decision); *Hill v. Midland Funding, LLC*, No. CIV.A. CCB-12-2397, 2013 WL 1645553, at *4 (D. Md. Apr. 16, 2013) ("[The defendant's] actions—filing lawsuits with an incorrect address and using truthful, but potentially insufficient, affidavits under Maryland Rule 3-306—did not undermine its right to seek repayment of debt [it] reasonably believed it legally

owned."); *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 781 (E.D.N.C. 2011) ("To the extent Plaintiffs' allegations imply the filing of a lawsuit without substantiating documentation is false, deceptive or misleading, Plaintiffs do not state a claim as insufficient evidence or documentation claims based on the filing of a state court complaint do not constitute viable claims under section 1692e." (citations omitted)). *Cf. Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330–31 (6th Cir. 2006) ("Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Any* attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system in the way alleged by Harvey cannot be said to be an abusive tactic under the FDCPA." (emphasis in original)).

The court did, however, note that "if a debt collector files suit with misleading documents or documents containing actual falsities or misrepresentations concerning the debt, it likely does engage in conduct that violates the FDCPA." *Id.* (citing cases); *see Winemiller v. Worldwide Asset Purchasing, LLC*, No. 1:09-CV-02487, 2011 WL 1457749, at *6 (D. Md. Apr. 15, 2011) ("The FDCPA's 'hook' is falsehood and deception, and Plaintiffs' Complaint reflects that understanding because it does not simply assert that a violation of Rule 3-306(a) constitutes a violation of the FDCPA. The operative element of the allegation is that Defendants knew that they were submitting affidavits that were false, containing misrepresentations as to their knowledge of records, the principal owed, and the authenticity of the affidavits.").

Still, in *Cooke v. Carrington Mortgage Services*, this court noted that courts have found allegations that amounted to, "in essence," allegations that the defendant did not have the authority to initiate the collection proceeding due to inadequate proof and false representations of the

documents it possessed, do not constitute a violation of Section 16921e.  No. CV TDC-18-0205, 2018 WL 6323116, at *5 (D. Md. Dec. 3, 2018) (concerning procedural requirements in foreclosure actions under the Commercial Law article of the Maryland Code).  The court further explained that the plaintiff's claim failed because he did not allege that the defendant "did not have a right to collect on the debt or that [the defendant] falsely represented a right to do so."  *Id.*  The plaintiff did not "deny the existence of the underlying debt and [did] not allege that anything contained in the state court foreclosure complaint filed against her was false," but rather "only that there was no adequate proof of the claim."  *Id.*

### 1.  *Plaintiff's Motion as to Count I*

Plaintiff argues that she is entitled to judgment as a matter of law on her FDCPA claim because there is no genuine dispute of material fact that (1) Defendant violated state law (CJP Section 5-1203) in its filing of the State Collection Action when it failed to provide a chronological list of the names of all prior owners and the date of each transfer, as well as each document transferring ownership; and (2) Defendant's Checklist required by Maryland Rule 3-305(d) contained false or misleading statements in connection with the collection of a debt with respect Defendant's description of the debt and its ownership history thereof, and its representation that the Affidavit was true upon personal knowledge.  (ECF No. 29-1 at p. 7–12.)

Plaintiff contends that Defendant violated Section 1962e(5)—threatening to take action that it could not legally take—by initiating the State Collection Action when it did not include a chronological list of owners and the respective dates of transfer.  (ECF No. 29-1 at p. 8–9.)  The court disagrees.  As the cases from this circuit and others cited above illustrate, failure to satisfy an evidentiary pleading requirement in a state collection action, on its own, does not amount to a violation of the FDCPA.  *See, e.g.*, *Richardson*, 2013 WL 6719110, at *3, *supra*; *see also Olson*

*v. Midland Funding, LLC*, 578 F. App'x 248, 251–52 (4th Cir. 2014) (affirming the district court's dismissal of the plaintiff's claims under the MCDCA and MCPA based on the allegation that the defendant filed the state collection action without evidence).

Plaintiff's allegation that Defendant violated Sections 1962e(5) and (10)[1] because its agent improperly failed to identify all transfers of title in the Checklist, identified the action as one that concerned credit card debt, and attested that the statements made in the Checklist were true and correct require further examination. (ECF No. 29-1 at p. 9–10.) Here, unlike in *Richardson*, Plaintiff asserts that Defendant's errors and accompanying affidavit constitute materially false statements as to the nature of the debt. While Defendant disputes these errors by referencing the exhibits attached to the State Collection Action Complaint, there is no genuine dispute that Defendant erroneously identified the debt as credit card debt and failed to include a list of all prior owners and transfers (with dates) yet represented that its response was true and correct.

Assuming without deciding that such action could constitute a false representation, the court still finds that Plaintiff cannot demonstrate that Defendant's actions were materially misleading as required by the FDCPA. First, with respect to the list of prior owners of the debt, considering the State Collection Action Complaint as a whole pursuant to Maryland Rule 3-303, Defendant, via the Checklist and the exhibits, demonstrates transfer from Anderson to First Investors, from First Investors to FIARC, and from First Investors to Defendant. There is no dispute that neither the Checklist nor Defendant's State Collection Action Complaint exhibits showed the transfer between FIARC to First Investors. (ECF No. 29-1 ¶ 5; ECF No. 30-1 at p. 6 n.2.) There is also no dispute that the dates of all transfers, except from First Investors to

---

[1] Plaintiff's response makes clear that she does not allege that Defendant's purported violation of Maryland Rule 3-306(d) is the basis for her violation of FDCPA. *See* ECF No. 31 at p. 15 ("Plaintiff is not suing Autovest for violating Md. Rule 3-306(d), but for making false statements in the documents that the rule required Autovest to file.").

Defendants, are not identified. (ECF No. 29-3.)  Accordingly, the evidence indicates Defendant's plain noncompliance with the state court's rules in filing its action.  However, that alone is not enough: the issue before this court is whether those errors are material.  *See Lembach*, 528 F. App'x at 302 ("Recently, when applying [the least sophisticated consumer] standard, courts have reasoned that a statement must be materially false or misleading to violate the FDCPA."); *Stewart*, 859 F. Supp. 2d at 764–65 ("While the Court agrees that the Defendants' foreclosure practices were shortcuts that do not comply with the signature and acknowledgement requirements of the Maryland rules, the facts alleged by Plaintiffs do not rise to the level of materiality on which a FDCPA claim can be maintained."); *Cooke*, 2018 WL 6323116, at *5 ("This claim fails because [the plaintiff] does not plausibly allege that [the defendant] did not have a right to collect on the debt or that [the defendant] falsely represented a right to do so.").

The court concludes here that the purported misleading statements contained in the Checklist—those with respect to the type of debt, the title history, and the bill of sale between FIARCS and First Financial—were not materially misleading.  Plaintiff does not "deny the existence of the underlying debt and does not allege" that the documents attached to the State Collection Action filed against her were false.  *See Cooke*, 2018 WL 6323116, at *5.  Plaintiff argues that the errors were material because they allowed Defendant to file the State Collection Action when it could not lawfully do so, but this court is concerned with the materiality of those errors as to the debt according to the least sophisticated consumer standard.  Even abiding the least sophisticated consumer standard, the purported errors were not materially misleading.  It would be unreasonable to expect that Plaintiff would ignore the exhibits attached to the State Collection Action Complaint—exhibits that plainly show the debt at issue being related to her automobile purchase, especially at the pleading stage where the court could itself deem the documentation

insufficient.  *See Richardson*, 2013 WL 6719110, at *3, *supra*.  "[O]nly misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking are actionable."  *Powell*, 782 F.3d at 126.  Plaintiff's declaration shows that any confusion regarding the State Collection Action resulted from not realizing "that other businesses had owned the account between" First Investors and Defendant, not regarding the debt or Defendant's ownership of it.  (ECF No. 29-9 ¶ 3.)  These errors did not affect Plaintiff's decision making and understanding related to her debt, especially where she had the RISC and knew that Defendant (who had initiated the State Collection Action) was the current owner of the debt.  (ECF No. 29-3.)  The court therefore cannot conclude such errors were materially misleading.  Because Plaintiff has not demonstrated that she is entitled to judgment as a matter of law with respect to her FDCPA claim, the court will deny Plaintiff's Motion with respect to Count I.

### 2.  *Defendant's Motion as to Count I*

For the same reasons discussed in Section III.B.1 *supra*, Defendant is entitled to judgment as a matter of law with respect to Count I.  There is no dispute of fact; Plaintiff cannot show that Defendant engaged an act prohibited by the FDCPA through the threat to take action that could not legally be taken, or through false representation or deceptive means to collect a debt.  15 U.S.C. §§ 1692e(5), (10); *see Boosahda*, 462 F. App'x at 333, *supra*.

### C.  Count II and III: MCDCA and MCPA Claims

The MCDCA prohibits a debt collector from claiming or attempting to enforce a right with knowledge that the right does not exist and engaging in any conduct that violates certain applicable portions for the FDCPA.  MD. CODE ANN., COM. LAW §§ 14-202(8), (11).  The Maryland Supreme Court has explained:

> The MCDCA was first enacted in 1972 and is codified at CL § 14-201, *et. seq.*  It applies to any "person collecting or attempting to

collect an alleged debt arising out of a consumer transaction."  CL §
14-201(b) (defining "collector"); *see also Nationstar Mortgage,
LLC v. Kemp*, 476 Md. 149, 161 (2021) (explaining that "[t]he
MCDCA regulates the conduct of anyone who collects—or attempts
to collect—a debt arising from a consumer transaction[ ]").  The
MCDCA prohibits eleven categories of conduct when collecting or
attempting to collect a debt, including: claiming, attempting, or
threatening to enforce a right with knowledge that the right does not
exist.  CL §§ 14-202(8).  "To prove a claim under this provision of
the MCDCA, a complainant must establish two elements: (1) the
debt collector did not possess the right to collect the amount of debt
sought; and (2) the debt collector attempted to collect the debt
knowing that it lacked the right to do so."  *Chavis v. Blibaum &
Assocs., P.A.*, 476 Md. 534, 553 (2021) (cleaned up).  The "with
knowledge" element of this subsection of the MCDCA "require[s]
proof that a debt collector claimed, attempted, or threatened to
enforce the non-existent right 'with actual knowledge or with
reckless disregard as to the falsity of the existence of the right.'"
*Chavis*, 476 Md. at 563 (quoting *Fontell v. Hassett*, 870 F. Supp. 2d
395, 407 (D. Md. 2012)) (internal quotation marks and citations in
*Fontell* omitted).  Under CL § 14-203, "[a] collector who violates
any provision of [the MCDCA] is liable for any damages
proximately caused by the violation, including damages for
emotional distress or mental anguish suffered with or without
accompanying physical injury."  Like the MCPA, actual damages
are an element of any MCDCA claim.

Although MCDCA authorizes a private action (CL § 14-203), it
does not provide for its own public enforcement.  Rather, the
General Assembly incorporated a provision into the MCPA making
it an "unfair or deceptive trade practice" to engage in conduct that
violates the MCDCA.  CL § 13-301(14)(iii).

*Assanah-Carroll v. L. Offs. of Edward J. Maher, P.C.*, 480 Md. 394, 414–15 (2022),

*reconsideration denied* (Sept. 26, 2022).

"The FDCPA's substantive provisions [are] incorporated into the MCDCA," with the

distinction that Section 14-202(8) of the MCDCA requires knowledge unlike the FDCPA

provisions.  *Chavis*, 476 Md. at 565 n.14; *see Alexander v. Carrington Mortg. Servs., LLC*, 23

F.4th 370, 375–76 (4th Cir. 2022) (describing the Maryland legislature's decision to incorporate

FDCPA's substantive provisions as "intentional").  Unlike the FDCPA, Section 14-202(8) of the

MCDCA—barring a collector from claiming or attempting to enforce a right with the knowledge that that right does not exist—"is not a strict liability statute." *Chavis*, 476 Md. at 565. "Therefore, to prevail at a stage of the case that tests the evidence, *i.e.*, either to withstand a motion for summary judgment or to succeed at trial, the plaintiff 'must produce facts from which the trier of fact reasonably may infer that the defendant acted recklessly in claiming the right.'" *Simmons v. Md. Mgmt. Co.*, 253 Md. App. 655, 684 (2022) (quoting *Chavis*, 476 Md. at 684).

On Section 14-202(8) of the MCDCA, the Maryland Supreme Court further explained:

> Although it is not inaccurate to say that § 14-202 deals with methods of debt collection, it is more accurate to describe the statute as regulating the conduct of a person while engaged in debt collection. For example, the statute sets restrictions on the time and manner in which a debt collector communicates with a debtor, the other individuals whom the debt collector may contact about the debt, and the kind of statements a collector may make in those communications. Moreover, the type of conduct addressed in § 14-202(8) differs from the conduct proscribed in the other subsections. Unlike the other subsections, § 14-202(8) speaks to "right[s]" claimed by a debt collector, as opposed to the types of communications or disclosures a collector may use in the course of collecting or attempting to collect a debt. In other words, § 14-202(8) gets at the substance of a claimed right, while the other subsections are more concerned about matters of process.

*Chavis*, 476 Md. at 560 (2021) (footnote omitted).

Under the MCPA, "[a] person may not engage in any unfair, abusive, or deceptive trade practice . . . in . . . the collection of consumer debts." MD. CODE ANN., COM. LAW § 13-303(5). An "unfair, abusive, or deceptive trade practice," includes a false or misleading statement or representation that has "the capacity, tendency, or effect of deceiving or misleading consumers" as well as violations of the MCDCA. *Id.* §§ 13-301(1), (14).

The MCDCA and the MCPA "are remedial consumer protection statutes aimed at 'protect[ing] the public from unfair or deceptive trade practices by creditors engaged in debt collection activities.' The MCDCA prohibits debt collectors from engaging in an extensive list of practices, while the MCPA both functions as a 'statutory enforcement umbrella' and contains its own prohibitions." *Alexander v. Carrington Mortg. Servs., LLC*, 23 F.4th 370, 375 (4th Cir. 2022) (quoting *Andrews & Lawrence Prof'l Servs., LLC v. Mills*, 467 Md. 126, 161 (2020)); *see Chavis*, 476 Md. at 560 ("[T]he remedial nature of the MCDCA requires that we interpret § 14-202(8) broadly to reach any claim, attempt, or threat to enforce a right that a debt collector knows does not exist.").

### 1. *Plaintiff's Motion as to Counts II and III*

Plaintiff contends she is entitled to judgment as a matter of law with regard to her MCDCA and MCPA claims according to a derivative (or transitive) theory of liability—Defendant violated MCDCA because it violated the FDCPA, and it violated the MCPA because it violated the MCDCA. (ECF No. 29-1 at p. 13.) Because the court concludes that Plaintiff has failed to demonstrate a violation of FDCPA, she similarly cannot show that she is entitled to judgment on her MCDCA or MCPA claims.

### 2. *Defendant's Motion as to Counts II and III*

Defendant moves for judgment as to Counts II and III, asserting that Plaintiff cannot show that it violated the MCDCA and the MCPA. (ECF No. 30-1 at p. 20–21.) Because the court has already concluded that Plaintiff cannot demonstrate a violation of FDCPA, Defendant is entitled to judgment as to Count II and Count III to the extent Plaintiff asserts claims pursuant to Section 14-202(11) of the MCDCA and Section 13-301(14) of the MCPA. Plaintiff's Complaint also alleges that Defendant violated Section 14-202(8) of the MCDCA—barring enforcement or threats

to enforce a right with knowledge (or reckless disregard) that the right does not exist, and Section 13-301(1) of the MCPA because Defendant's filing of its State Collection Action in noncompliance with CJP Section 5-1203(a) constituted an unfair, deceptive, or abusive practice under the MCPA.  (ECF No. 5 ¶¶ 55, 67.)

Although the court interprets the MCDCA and the MCPA "broadly," *see Chavis*, 476 Md. at 560, *supra*, the evidence cannot support a claim that Defendant violated the MCDCA or the MCPA due to its failure to meet the procedural requirements of CJP Section 5-203.  When faced with similar questions, this court and the Fourth Circuit have held a collector who commits a procedural violation or who lacks the required evidence to demonstrate entitlement to relief in the state collection action does not violate the MCDCA or the MCPA, just as it does not violate the FDCPA.  *See Olson*, 578 F. App'x at 251–52 (concluding that the plaintiff failed to plausibly allege violation of the MCDCA and MCPA where he asserted that the defendants filed a state collection action without evidence to the support the claim because, in part, he "never alleged that he did not owe the debt or that [defendant] did not own the debt"); *Richardson*, 2013 WL 6719110, at *9 ("For the same reasons discussed above [regarding the FDCPA], [the defendant's] actions in this case—filing a lawsuit with potentially insufficient evidence and having an attorney sign as counsel of record in this and thousands of other cases—did not undermine its legal right to seek repayment of the debt."); *Richardson*, 583 F. App'x at 125  (affirming the district court's decision); *Hill*, 2013 WL 1645553, at *4 ("For the same reasons discussed above [regarding the FDCPA], [the defendant's] actions—filing lawsuits with an incorrect address and using truthful, but potentially insufficient, affidavits under Maryland Rule 3-306—did not undermine its right to seek repayment of debt [the defendant] reasonably believed it legally owned. Thus, the plaintiffs have not plausibly alleged that [the defendant] attempted to enforce any right with knowledge it did not exist, and

they have not stated a claim under [the MCDCA or the MCPA].").  These holdings are further supported by the Maryland Supreme Court's discussion in *Chavis* that Section 14-202(18) is focused on the collector's claimed "right[]" to collect the debt and not necessarily the collector's process to claim that right.  *See Chavis*, 476 Md. at 560, *supra*.

Accordingly, because there are no genuine disputes of material fact and the court concludes the evidence cannot show that Defendant violated the MCDCA or the MCPA, Defendant is entitled to judgment as a matter of law on Counts II and III.

### D.  Count IV: Injunctive Relief

Because the court concludes that Defendant is entitled to judgment on Plaintiff's Counts I through III, the court has no basis to order injunctive relief and need not address the parties' substantive arguments regarding the same.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) will be DENIED, and Defendant's Motion for Summary Judgment (ECF No. 30) will be GRANTED.

/S/

March 15, 2024

_____
Julie R. Rubin
United States District Judge